UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

    v.

J.L. BISHOP, et al.,

    Defendants.

NO. CV-09-0150-JLQ

**ORDER OF DISMISSAL IN PART
AND REQUIRING PLAINTIFF
TO AMEND OR SUBMIT
DOCUMENTS FOR SERVICE**

    Before the Court is a *pro se* state prisoner Plaintiff Complaint, alleging various constitutional violations under 42 U.S.C. § 1983, as well as state law claims for assault, battery and negligence.  (Ct. Rec. 1.)

**I.    Screening Standards**

    Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER - 1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on

4    an indisputably meritless legal theory or where the factual contentions are clearly baseless.

5    Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

6    inartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d

7    639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

8    A complaint, or portion thereof, will be dismissed for failure to state a claim upon

9    which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right

10   to relief above the speculative level, on the assumption that all the allegations in the

11   complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

12   1965 (2007)(citations omitted).  In other words, failure to present enough facts to state a

13   claim to relief that is plausible on the face of the complaint will subject that complaint to

14   dismissal.  *Id.* at 1974.  The court must construe the pleading in the light most favorable to

15   Plaintiff, and resolve all doubts in Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421

16   (1969).

17   To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they

18   were deprived of a right secured by the Constitution or laws of the United States, and 2) that

19   the deprivation was visited upon them by a person acting under color of state law. *Gomez v.*

20   *Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to a plaintiff's pro se allegations,

21   however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519,

22   520-21 (1972).

23   Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only

24   "a short and plain statement of the claim showing that the pleader is entitled to relief." This

25   statement must simply "give the defendant fair notice of what the plaintiff's claim is and the

26   grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)

ORDER - 2

(*quoting Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

On the basis of these standards, the court finds portion of Plaintiff's present allegations fail to state a claim upon which relief can be granted. The court finds dismissal of some claims is required.  The reasons for the court's Order are set forth below.

## II.   Discussion

## A.   Nonexhaustion

In the present case, plaintiff has filed a complaint challenging his conditions of confinement at High Desert State Prison (HDSP).  The Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e was amended to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has considered "whether or not a remedial scheme is 'available' where ... the administrative process has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." *Booth v. Churner*, 532 U.S. 731, 736, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The Supreme Court concluded that Congress has mandated exhaustion of prison administrative procedures "regardless of the relief offered through [such] procedures." *Id*. at 741. In addition, the Court emphasized that it "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Id*. at 741 n. 6.

Under regulations governing prison grievance procedures in California, state prisoners "may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Cal.Code Regs. tit.

ORDER - 3

15, § 3084.1(a). The administrative appeal system progresses from an informal review through three formal levels of review. See Cal.Code Regs. tit. 15, §§ 3084.1-3084.7. In light of the Supreme Court's holding in *Booth v. Churner*, a California prisoner must file a prison grievance on all claims challenging prison conditions and, as a general rule, proceed to the Director's level of review prior to bringing a § 1983 action on those claims, regardless of whether the relief sought by the prisoner is available through the administrative appeal system.

A prisoner's concession of nonexhaustion is a valid ground for dismissal of an action. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).  An initial comment here is necessary because on Plaintiff's Complaint form, Question II.C. asks "Is the grievance process completed?" Plaintiff has not checked either box and has written in "unknown" (Ct. Rec. 1) with a further explanation that "third level hasn't come back yet."  The Complaint references an attached letter to Plaintiff dated September 30, 2008 from the Inmate Appeals Branch indicating that his appeal had been on that date "forwarded to the Appeals Coordinator at HDSP for further action."  Ct. Rec. 1, Ex. A.

It appears from the face of the Complaint that Plaintiff had not completed the appeals process prior to initiating suit.  However, the possibility exists that the process was complete, but Plaintiff did not or had not yet received a copy of the decision.  Because non-exhaustion is an affirmative defense and because of the ambiguity raised by Plaintiff's response on the Complaint form, the court will leave this issue for resolution after service of the complaint. Should Plaintiff choose to amend his Complaint, as further explained below, he should correct his Answer to Question II.C. on the Complaint form.

**B.    Cognizable Claims**

1.    Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and

ORDER - 4

"embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (*quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", *Id. (quoting Wilson*, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". *Id. (quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. *Id. (quoting Wilson*, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

The Eighth Amendment requires prison officials to provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir.1986).

a. Excessive Force / Failure to Prevent Harm

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits "unnecessary and wanton infliction of pain" on prisoners. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In cases involving the use of excessive force, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7. Factors in determining whether the use of force was wanton and

unnecessary include "the need for an application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* (*quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986)).  Liability can also be imposed on prison guards present at the scene for failure to take reasonable steps to prevent excessive force by other guards.

Liberally construed, Plaintiff's Complaint asserts claims for excessive force and bystander liability for four separate incidents.  On November 30, 2007, Plaintiff alleges his clothes were cut off of him with scissors resulting in lacerations to his skin by Defendant Lipton at Defendant Bishop's instruction.  He claims that same day Defendants Betti, Stovall and another unnamed official conducted a strip search of the wheelchaired Plaintiff by forcing him into a painful headlock so his buttocks were in the air and sexually assaulted him with a flashlight.  He claims this occurred while Defendants Chatham, Bishop, Wisely, Montgomery and Lipton stood by. Ct. Rec. 1 at ¶ 37.  He further asserts that he was then forced naked into sub-zero temperatures outside to get to an office with a metal detector and then taken back to a cell where he was left naked for several hours.

Plaintiff also claims that on December 8, 2007 Defendants Stovall, Bishop, Betti, Probest, Swarte, Stailey, Weston, and four unnamed John Doe officials "attempt[ed] to kill Plaintiff" by extracting him from his cell and forcing him to "C-Yard", allegedly pepper-spraying him at "point-blank range" in the face and mouth.  He claims he was dragged out of the cell after he was tightly shackled.  He claims as a result of this incident he suffered from difficult breathing, severe pain, difficulty opening his eyes, and blurred vision.

On April 22, 2008, while at the C-Yard medical clinic window he claims Defendant Mitchell activated her alarm with the intent to have Plaintiff injured by arriving officers. He claims Defendant Ringey forced Plaintiff's left hand and arm behind his back, causing him severe pain, bruises, scrapes, and injuries to his left wrist, hand and shoulder.

ORDER - 6

Plaintiff claims that on April 27, 2008, after a dispute over a food tray, Defendant Whitlow responded by bending Plaintiff's left hand and fingers back, repeatedly kicking his ankles and shins, and causing him to fall out of his wheelchair. He alleges Defendant Kimbrell held his cell door open to allow Whitlow to assault him and that Defendant Williams was also witnessed the incident.

These facts are sufficient to state cognizable claims for violation of the Eighth Amendment and bystander liability.

b. Deliberate Indifference to Medical Needs

Plaintiff alleges Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment rights. Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need ." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As one court has summarized:

> [medical] conditions ... vary in severity and ... a decision to leave a condition untreated will be constitutional or not depending on the facts of the particular case. Thus, a prisoner with a hang-nail has no constitutional right to treatment, but if prison officials deliberately ignore an infected gash, "the failure to provide appropriate treatment might well violate the Eighth Amendment."

*Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir.2000) (*quoting Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998) (internal quotation marks omitted)).

ORDER - 7

1    Plaintiff alleges that Defendant Lipton deliberately ignored his need for medical care

2    upon seeing the "lacerations" caused by scissors used to cut off his clothes.  Plaintiff also

3    alleges that corrections nurses Defendants David and Mitchel, were informed of and/or

4    shown his alleged injuries stemming from the cell extraction on December 8, 2007, but

5    Plaintiff was nevertheless not given any medical attention.  His Complaint states he was

6    suffering from difficulty breathing, pain in his chest, right arm, and back, and blurred vision

7    because of being pepper sprayed in the face.  He also claims he had "bruises and scraps[sic]."

8    Ct. Rec. 1 at ¶ 46.  It is unclear whether Plaintiff's injuries were sufficiently serious to

9    constitute the existence of a serious medical need, however, liberally construing the facts in

10   favor of the Plaintiff, the court will allow the claims against Lipton, David and Mitchell to

11   proceed.

12         2. Supervisory Liability- Defendant Wright

13         The only claim made against Defendant Wright, who was apparently a captain at the

14   HDSP, is that he "condoned and approved" the cell extraction.  Ct. Rec. 1 at ¶ 65.  To state

15   a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege

16   some facts that would support a claim that supervisory defendants either: personally

17   participated in the alleged deprivation of constitutional rights; knew of the violations and

18   failed to act to prevent them; or promulgated or "implemented a policy so deficient that the

19   policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

20   constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal

21   citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Supervisory personnel

22   are not liable in a section 1983 action for the constitutional violations committed by those

23   they are in charge of.

24         Although Plaintiff's Complaint does not state any details as to how or to what extent

25   Wright allegedly "condoned and approved" the alleged unconstitutional cell extraction,

26

ORDER - 8

liberally construed, the court finds the Plaintiff has stated a cognizable claim and will permit the claim to proceed.

### 3. Fourteenth Amendment Claims

In the section of Plaintiff's Complaint entitled "Claims for Relief" Plaintiff asserts that each alleged violation of his Eighth Amendment right was also a violation of his Fourteenth Amendment rights.  "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Since Plaintiff's interests in personal security and medical care in this case finds an explicit textual source of constitutional protection in the Eighth Amendment, Plaintiff's claims should go forward as Eighth Amendment claims, not Fourteenth Amendment claims.

### 5. State Law Claims

Plaintiff alleges claims for relief under California law for negligence, assault and battery (*see* Ct. Rec. 1 at 5 (*"Preliminary Statement"*).

Where a federal court has original jurisdiction over an action, such as a case asserting violations of 42 U.S.C. § 1983, the doctrine of pendent jurisdiction allows a federal court to exercise "pendent" or "supplemental" jurisdiction over closely related state law claims. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (citing 28 U.S.C. § 1367(a)). "To establish negligence, a party must prove the following: (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Hair v. State, 2 Cal.App.4th 321, 2 Cal.Rptr. 2nd 871, 875 (Cal.Ct.App.1991) (citations omitted). "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another" and "[a] battery is any willful and unlawful

use of force or violence upon the person of another." Cal.Penal Code § 240, 242 (West 2006); 5 B.E. Witkin, Summary of California Law, Torts § 346 (9th ed. 1988).

Under federal notice pleading standards, Plaintiff's allegations are sufficient to state claims for negligence, and assault and battery. Fed.R.Civ.P. 8(a).

**C.    Non-Cognizable Claims**

Plaintiff makes the following allegations which state no claim for relief:

1. Defendant Williams Snatching Food Tray

Plaintiff alleges Williams snatched Plaintiff's food tray away from him, grabbing his hand in the process and *attempting* to cause him to fall out of his wheelchair. Ct. Rec. 1 at ¶ 61. He then allegedly threatened him with pepper spray.    *Id*. at 62. Plaintiff's own subjective fear of injury cannot constitute a "sufficiently serious" injury adequate to state a claim under the Eighth Amendment.

2. Defendant Flaherty

The only allegation against Flaherty is that Plaintiff "believes" she falsely documented a vitals check in retaliation against him for refusing to submit to a check of his vitals.  These facts do not provide sufficient basis for violation of a constitutional right.  The Eighth Amendment's prohibition of cruel and unusual punishment encompasses punishments that involve the "unnecessary and wanton infliction of pain" and are "incompatible with the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S.Ct. 285, 290 (1976) (citations and internal quotations omitted).  It is well-established that mere disagreement with a prescribed course of treatment, or even a claim that negligence or medical malpractice has occurred, does not provide a basis to find a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105-06, 97 S.Ct. at 201-02; *Chance*, 143 F.3d at 703.

3. Defendants Anderson, Cambell, Nystrom and Gonzales

ORDER - 10

Plaintiff alleges that Defendants Anderson, Cambell, Nystrom and Gonzales ignored and failed to take action in response to Plaintiff's hunger strike.  He alleges this conduct constituted cruel and unusual punishment and violations of due process and equal protection. Ct. Rec. 1, ¶ 67.  There is no constitutional guarantee that protects inmate hunger strikes. Plaintiff's voluntary decision to engage in such tactics does not permit him to coerce prison officials into investigating or otherwise responding to the grounds for his protest.  On these facts, ignoring Plaintiff's hunger strike was not objectively unreasonable.  None of the facts pertaining to Plaintiff's hunger strike state a cognizable claim

4. Defendant Wimpke

The only mention of Defendant Wimpke is that Plaintiff allegedly informed him he was not to be placed in C-yard.  Plaintiff fails to state a claim against Defendant Wimpke.

5. N. Grannis

Plaintiff does not name N. Grannis (apparently the Chief of the Inmate Appeals Branch) as a Defendant.  However, at ¶ 74 of his Complaint, Plaintiff asserts that Grannis violated his 8th and 14th Amendment rights by "failing to intervene"  and by helping HDSP officials "cover illegal cell extraction of Plaintiff up" by sending his appeal of his grievance on this issue back to Plaintiff.  In the letter from Grannis attached to Plaintiff's Complaint as an exhibit, Grannis explains that Plaintiff's grievance was being returned to him because he had submitted it to the third level of appeal prior to having completed the second level of review.  Plaintiff's allegations against Grannis in the Complaint are vague and conclusory, and state no factual basis for a constitutional claim.

6. Defendants Felker and John/Jane Doe Director of Corrections

Plaintiff alleges that Defendants Felker (Warden of the HDSP) and the "Director of Corrections" each failed to protect Plaintiff's safety by denying him an immediate transfer out of the HDSP in order to "curb the ongoing retaliation" against him.  He claims they were notified of something by letters and phone calls from him and from family.

ORDER - 11

Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence. *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no constitutional right to enjoy a particular security classification or housing. *See Meachum v. Fano*, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v. Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Rather, to state a claim for threats to safety or failure to protect, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. *Farmer*, 511 U.S. at 834; *Frost*, 152 F.3d at 1128; *Redman v. County of Los Angeles*, 942 F.2d 1435, 1443 (9th Cir.1991) ( en banc ). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. *Farmer*, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128; *Redman*, 942 F.2d at 1442.

Plaintiff does not allege any facts regarding the alleged notice provided to Felker and the Director.  Thus, there are no allegations that Felker and the Director knew Plaintiff's safety was jeopardized. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). Plaintiff fails to allege facts to support that Felker or the Director knew his conditions of confinement posed a serious risk of harm, thus his claim lacks the necessary personal participation in a constitutional violation necessary for individual § 1983 liability.

7. General Assertions of Retaliation

Plaintiff repeatedly asserts throughout his Complaint that he was the subject of "continual retaliation of all form" as well as "cover up" and "set up tactics" by prison officials at the HDSP. He claims that he was in severe danger and was in constant fear for his life at all times. Ct. Rec. 1, ¶ 52.  To state a constitutional claim for retaliation, a plaintiff must allege that a defendant acting under color of state law took adverse action against him because he engaged in protected conduct, that the adverse action was not narrowly tailored to advance legitimate correctional goals, and that the adverse action chilled the plaintiff's exercise of his First Amendment, or other constitutional rights, or caused the prisoner to suffer more than minimal harm. *Rhodes v. Robinson*, 408 F.3d 559, 567-58 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate must show (1) that the prison official acted in retaliation for the exercise of a constitutionally-protected right, and (2) that the action "advanced no legitimate penological interest").

Plaintiff's retaliation claims are vague and conclusory.  Plaintiff never explains how or why his life was allegedly in danger.  His claims of retaliation lack legal merit because Plaintiff fails to set forth facts to support that any Defendant retaliated against him for engaging in constitutionally protected conduct.   Plaintiff must allege facts beyond mere subjective beliefs of alleged retaliatory motivation or a chronology of events from which retaliatory motivation may be plausibly inferred.  Without such facts, Plaintiff's claim is vague and conclusory, and fails to state a claim.

For the same reasons, Plaintiff's fails to state a valid constitutional claim based upon his placement in administrative segregation on November 30, 2007.  To the extent Plaintiff's Complaint could be construed to allege either a claim for retaliation or a violation of his liberty interests, the court finds these claims are insufficiently supported to proceed.  The segregation notice attached to Plaintiff's Complaint indicates he was placed there for "refusing to double cell" and specifically because Plaintiff himself "refused to be housed

ORDER - 13

with any other inmate."  Plaintiff can not establish a cognizable constitutional violation because there are no facts to support a claim for retaliation and the facts presented show his placement in segregation reasonably advanced a legitimate correctional goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

8. General Assertions of a Violation of Equal Protection

In his claims for relief, Plaintiff requests an injunction forcing the prison to adopt a policy "fining and imprisoning their employees for acts of racial discrimination" as Plaintiff believes the conduct complained of in the Complaint was racially motivated because he his black. To the extent that Plaintiff's complaint states a discrimination claim under the Equal Protection Clause of the Fourteenth Amendment against the Defendants, it also fails because his allegation is merely conjectural and speculative.  There are no facts in the Complaint to support such assertion.  A complaint must contain "[sufficient] [f]actual allegations ... to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct., 1955, 1964-65, 167 L.Ed.2d 929 (2007) .

9. Miscellaneous

In addition to those allegations specifically addressed above, the following other allegations included in the Complaint fail to provide a basis for a violation of constitutional rights: 1) defendants stating "fuck an x-ray we will spread your ass checks [sic] or [sic] self"; 2) defendants stating "lets put his ass on potty watch"; 3) defendants conduct "forcing" Plaintiff to purchase illegal drugs (¶ 45); 4) prison officials ignored nurse Slayball (¶ 50); 5) unnamed prison officials continually were not letting him out to yard (¶ 52); 6) handing Plaintiff an envelope to sign without letting him see the contents (¶ 54); 7) Defendant Mitchell activating an alarm (¶ 55); 8) Defendant Ringey threatening Plaintiff with a baton (¶ 56); 9) Defendant Whitlow stating "yeah what ever you'll get yours last" about his food; 8) Defendant Williams delivering a tray with a small portion on it and walking away laughing; and 10) failing to write an incident report (¶ 62).

ORDER - 14

**D.   Doe Defendants**

Plaintiff sues various Doe Defendants. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir.1999) (*citing Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. Upon discovering the names of the defendants, Plaintiff must promptly file a motion for leave to amend, accompanied by a proposed amended complaint identifying the additional defendants. Plaintiff is cautioned that undue delay in discovering the defendants' names and seeking leave to amend may result in the denial of leave to proceed against these defendants.

**III.   Leave to Amend or Proceed**

In sum, Plaintiff's Complaint is deficient in many respects. When deficiencies in the complaint exist, a *pro se* litigant must be given an opportunity to amend his complaint unless it is absolutely clear that the deficiencies could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (en banc). Of Plaintiff's Non-Cognizable Claims (see Section II.C. above), the only claims which he might be able to be cure by amendment are his claims of retaliation, discrimination, and the failure to protect claims against Defendants Felker and the Director of Corrections.

ORDER - 15

**Accordingly, Plaintiff may elect one of two courses of action**.  Plaintiff may elect to proceed forthwith pursuing *only* his Cognizable Claims by following the court's instructions below as to Defendants Lipton, Bishop, Betti, Stovall, Chatham, Wisely, Montgomery, Probest, Swarte, Stailey, Weston, Ringey, Whitlow, Kimbrell, Williams, David, Mitchell and Wright.  In this case, the court will reach the merits of his Cognizable Claims sooner.  Alternatively,  Plaintiff may attempt to cure the deficiencies outlined above in his Non-cognizable Claims.  In the event Plaintiff chooses to file an Amended Complaint, the court will delay service of process because the Amended Complaint must also be screened pursuant to 28 U.S.C. § 1915A.

**A.   Instructions Regarding Amendment of the Complaint**

Plaintiff is not obligated to amend his complaint.  However, should he choose to do so, he has **until SEPTEMBER 8, 2009** to do so. The First Amended Complaint shall:

1.   be legibly rewritten or retyped in its entirety;

2.   be an original and not a copy and may not incorporate any part of the original complaint by reference;

3.   be a single document;

4.   be clearly labeled "First Amended Complaint" and cause number CV-09-0150-JLQ must be written in the caption.  The First Amended Complaint will operate as a complete substitute for - rather than a supplement to - the present complaint;

5.   contain a section titled: **Parties**.  This section shall identify all the defendants who caused the alleged deprivation of Plaintiff's constitutional rights.  Plaintiff shall not name the following Defendants the court has herein terminated because the alleged facts involving these Defendants do not provide a basis for viable constitutional claims: Flaherty, Nystrom, Anderson, Cambell, Gonzales,

ORDER - 16

Wimpke, and Grannis.  If Plaintiff names individuals, he shall identify that he is suing these individuals "in their individual capacity";

6.  contain a section titled: **Facts.**  This section shall set forth the facts that comprise Plaintiff's cause of action, i.e., identify the event and what each individual Defendant did with specificity and the date thereof.  Each factual allegation shall be set forth in separate, numbered paragraphs;

7.  contain a section titled: **Claims.**  This section shall set forth the claims showing that Plaintiff is entitled to relief, i.e., identify what constitutional rights Defendants allegedly violated **and how**;

8.  contain a section titled: **Prayer for Relief.**  This section shall set forth what relief Plaintiff seeks; and

9.  include all factual allegations and claims against each of the Defendants against whom the case is going forward.  This means including those allegations and claims in the current Complaint that the court has deemed Cognizable (*see* Section II.B.) in this order.  Because the Amended Complaint will become the <u>sole complaint</u> in the action, it is the only complaint which will be served on the parties.  Failure to include these claims in it means that they will not be preserved for service on the Defendants.

Plaintiff's First Amended Complaint must also comply with both the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of California.  *See King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants).  As a courtesy, the Clerk's Office will send Plaintiff a copy of the Local Rules.

By signing an Amended Complaint Plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations.  For violation of this rule the court may impose sanctions sufficient to deter repetition by Plaintiff or others. Fed.R.Civ.P. 11.

ORDER - 17

Plaintiff is further admonished that by signing an Amended Complaint he certifies his claims are warranted by existing law, including the law that he completely exhaust administrative remedies, for violation of this rule plaintiff risks dismissal of his <u>entire</u> action.

In the event Plaintiff fails to file an Amended Complaint as directed above by September 8, 2009, service will be made only as to the Cognizable Claims identified herein.

**B.     Instructions Regarding Service of the Complaint**

Should Plaintiff elect not to amend the Complaint, but to proceed with his current Complaint, Plaintiff must prepare and return service documents so that the U.S. Marshals may serve the Complaint on Defendants.

1. Service is appropriate for the following Defendants: Lipton, Bishop, Betti, Stovall, Chatham, Wisely, Montgomery, Probest, Swarte, Stailey, Weston, Ringey, Whitlow, Kimbrell, Williams, David, Mitchell and Wright.

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the Complaint (Ct. Rec. 1).

3. On or before **SEPTEMBER 8, 2009**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

a.     The completed Notice of Submission of Documents;

b.     A completed summons for each Defendant listed in paragraph B.1. above;

c.     A completed USM-285 form for each Defendant listed in paragraph B.1. above;

d.     Copies of this order for each Defendant listed in paragraph B.1. above, and

d.     19 copies of the Complaint (Ct. Rec. 1).

ORDER - 18

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. After receiving the above-described documents, the court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

5. The court cautions Plaintiff that failing to submit the above-described documents (and/or a First Amended Complaint) on or before **SEPTEMBER 8, 2009** will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

## IV. CONCLUSION AND ORDER

**Accordingly, IT IS HEREBY ORDERED:**

1. Claims against defendants Flaherty, Nystrom, Anderson, Cambell, Gonzales, Wimpke, and Grannis are dismissed <u>without</u> leave to amend. The Clerk of the Court shall terminate these Defendants. The Plaintiff shall not name or make claims against those persons on any Amended Complaint.

2. Plaintiff's failure to protect claims against Defendant Felker and the Director of Corrections, as well as Plaintiff's claims of retaliation and the denial of equal protection, are dismissed <u>with</u> leave to amend to attempt to state cognizable claims. The deadline for any amendment is **September 8, 2009**.

3. The claims in the Complaint are sufficient at least to state cognizable claims against Defendants Lipton, Bishop, Betti, Stovall, Chatham, Wisely, Montgomery, Probest, Swarte, Stailey, Weston, Ringey, Whitlow, Kimbrell, Williams, David, Mitchell and Wright. See 28 U.S.C. § 1915A.

4. With this order, the Clerk of the Court shall also provide the Plaintiff with a copy of the Local Rules, a blank complaint form, the instructions for preparing an amended complaint (if any), a blank summons, a copy of the pleading filed December 29, 2008 (Ct. Rec. 1), eighteen USM-285 forms, and instructions for service of process (if any).

5. PLAINTIFF IS CAUTIONED THAT THE COURT WILL CONSTRUE PLAINTIFF'S FAILURE TO TIMELY FILE EITHER AN AMENDED COMPLAINT OR THE SERVICE DOCUMENTS IN ACCORDANCE WITH THE INSTRUCTIONS HEREIN AS PERMISSION TO DISMISS THIS LAWSUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 41.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.  In addition, the District Court Executive shall mail a courtesy copy to Mike McDonald, Warden of the High Desert State Prison, P.O. Box 750, Susanville, CA 96127-0750.

Dated July 10, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 20

1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF CALIFORNIA
7
8   MALIK JONES,
9              Plaintiff,                    NO. CV-09-0150-JLQ
10          v.
11                                           **NOTICE OF SUBMISSION OF**
12  J.L. BISHOP, et al.,                     **DOCUMENTS**
13              Defendants.
14
15
16      Plaintiff hereby submits the following documents in compliance with the Court's
17  "Order Requiring Plaintiff to Amend or Submit Documents for Service.":
18              _____ completed summons form;
19              _____ completed USM-285 forms;
20              _____ copies of the complaint (Ct. Rec. 1); and
21              _____ copies of the Court's "Order Requiring Plaintiff to Amend or
22  Submit Documents for Service."
23  DATED: _____
24
25                          _____
26                                      Plaintiff