UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

v.

J.L. BISHOP, et al.,

    Defendants.

NO. CV-09-0150-JLQ

**ORDER ON MOTIONS RE: EXTENSION OF TIME**

    The court has reviewed the three motions Plaintiff has filed in the recent month, alleging corrections officers at the institution he is housed are retaliating against him as a result of the pending action. Ct. Rec. 11 (Plaintiff's "Motion of 'Imminet [sic] Danger'..."; Ct. Rec. 12 (Plaintiff's "Motion Requesting Court's Assistance..."; Ct. Rec. 13 (Plaintiff's "Motion re: Motion Sent to Court by Plaintiff in September Re: Extension of Time..."). Specifically, he alleges that on July 17, 2009, just days after a copy of the Court's screening order was courtesy mailed to the warden of the HDSP, Mike McDonald, Officers Bamiller and Lee "set Plaintiff up" and alleged he was "masturbating to them" which then led to his investigation for sexual misconduct. He also alleges Officer Bamiller tampered with his food tray. He alleges that on August 2, 2009, Defendant Bishop put him in administrative segregation in order to have "easy access to Plaintiff's legal work", so that they could "read and destroy" it. Ct. Rec. 11. Plaintiff claims his legal work was confiscated, then he was

ORDER - 1

told it was lost, and then when it was returned it had been tampered with and some documents were not there.

**1.     Extension of Time**

Though Plaintiff now has at least some of his legal property, one of the documents he initially said was missing was the Notice of Submission of Documents sent by the court. Apparently Plaintiff does have a copy of the Complaint because he had given some documents to another prisoner, whom he states made a copy and sent them "to an outside entity that assists Plaintiff." Ct. Rec. 13 at 1. Plaintiff initially requested the court send him a new Notice of Submission of Documents, however, Plaintiff's latest motion indicates that he does not need it as he intends to submit an amended complaint.

The court will grant the Plaintiff's request for a sixty-day extension of time to submit an amended complaint in light of the delay he experienced in finding his legal materials. If Plaintiff would alternatively prefer to proceed with the cognizable claims alleged in his current Complaint, the court will also send a courtesy copy of the screening order with the Notice of Submission of Documents attached. Plaintiff is advised that he may not amend his complaint to include these allegedly retaliatory acts occurring after this action was filed. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion must occur prior to filing suit. *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002), and "[a]ll 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.' " *Porter*, 534 U.S. at 524 (citing to *Booth v. Churner*, 532 U.S. 731, 739 n. 5, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). Prisoners must complete the prison's administrative process,

ORDER - 2

regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. *Booth*, 532 U.S. at 741.

In light of section 1997e(a), Plaintiff may not add new and unrelated claims that arose after this suit was filed. All claims at issue in this action must have been exhausted by December 29, 2008.

**2. Legal Assistance**

Plaintiff has also requested the court appoint counsel, Ellen C. Dove, or someone from her law office in Sacramento, CA to this case. Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. This court is faced with similar requests almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. *Id.*

ORDER - 3

For the foregoing reasons, Plaintiff's request for the appointment of counsel **(Ct. Rec. 11)** is **DENIED**, without prejudice.

**3. Transfer**

Plaintiff also requests the court order the High Desert State Prison to arrange his transfer out of the facility until Plaintiff's litigation is over. This court has no authority to order that state officials transfer prisoners to other facilities. In addition, the court notes that inmates have no right to placement in a particular correctional institution. *See, Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 244-48, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Finally, Plaintiff has failed to show a significant risk of irreparable harm, a prerequisite for judicial intervention in the form of preliminary injunctive relief.

**Accordingly,**

Plaintiff's request for transfer is **DENIED**. Plaintiff's request for appointment of counsel is **DENIED**. Plaintiff's Motion for Extension of Time **(Ct. Rec. 13)** is **GRANTED**. Plaintiff shall have until **December 8, 2009** to either file a First Amended Complaint for submit the documents described the court's July 13, 2009 screening order. Failure to timely submit either of the above described items will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

**IT IS SO ORDERED**. The District Court Executive is directed to enter and provide a copy to Plaintiff. In addition, the District Court Executive shall mail a courtesy copy of Ct. Rec. 10, the court's screening order, to the Plaintiff.

**DATED** this 21st day of October, 2009.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4