UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

    Plaintiff,

v.

J.L. BISHOP, et al.,

    Defendants.

NO. CV-09-0150-JLQ

**ORDER OF DISMISSAL IN PART AND REQUIRING PLAINTIFF TO SUBMIT DOCUMENTS FOR SERVICE**

Before the Court is Plaintiff's Amended Complaint, alleging various constitutional violations under 42 U.S.C. § 1983, as well as state law claims for assault, battery and negligence. (Ct. Rec. 1.)

## I. Screening Standards

Under the Prison Litigation Reform Act of 1995, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1),(2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER - 1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court must, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A complaint, or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim to relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to afford plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (*quoting Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights

ORDER - 2

complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

On the basis of these standards, the court finds portion of Plaintiff's present allegations fail to state a claim upon which relief can be granted. The court finds dismissal of some claims is required. The reasons for the court's decisions are set forth below.

**II.   Discussion**

The court's July 13, 2009 Order screened Plaintiff's initial Complaint and set forth the cognizable and non-cognizable claims therein. Ct. Rec. 10. The cognizable claims included Eighth Amendment claims for excessive force/bystander liability based upon four separate incidents against Defendants Wright, Lipton, Bishop, Betti, Stovall, Chatham, Wisely, Montgomery, Probest, Swarte, Stailey, Weston, Ringey, Mitchell, Whitlow, Kimbrell, and Williams. Also cognizable were claims that Defendants Lipton, David and Mitchell were deliberately indifferent to his medical needs, and state law claims for negligence, assault and battery. The court's initial screening order dismissed claims against Defendants Flaherty, Nystrom, Anderson, Cambell, Gonzales, Wimpke and Grannis without leave to amend. Finally, the court permitted Plaintiff with the opportunity to amend his claims for failure to protect against Defendant Felker and the Director of Corrections, as well as Plaintiff's claims for retaliation and the denial of equal protection.

Following the court's instructions, Plaintiff's Amended Complaint reasserts the cognizable claims raised in the Complaint and omits the claims the court dismissed without leave to amend. The court herein screens the new and/or amended claims asserted in the Amended Complaint

**1. Claims against Defendants Felker and the Director of Corrections**

Plaintiff asserts that Defendant Felker and the Director of Corrections should be held liable for failing to transfer him out of the facility to curb the ongoing retaliation he claims he was facing. Ct. Rec. 15 at ¶ 70. As noted by the court previously, prison officials are

ORDER - 3

required to take reasonable measure to guarantee the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). A claim for failure to protect must set forth facts to support the official knew of, but disregarded, an excessive risk to the inmate's safety. Plaintiff's allegations against Felker and the Director are unchanged from his initial Complaint and do not offer any more specific allegations as the court's screening order indicated were necessary. Specifically, though Plaintiff claims the officials were notified via "letters, phone calls sent to them and voiced by plaintiff and his family along with outside entities...," (¶ 70) Plaintiff does not allege what these communications regarded or what these officials were allegedly notified *about*. It is undeterminable from Plaintiff's allegations whether the Defendants did or did not have the requisite knowledge of a substantial risk of serious harm to Plaintiff.

Requiring an amendment or more specific statement of the claim oftentimes serves to eliminate or narrow issues and aid in clarifying vague claims. Plaintiff's failure to do this in the Amended Complaint does not assist the court in screening the claim at this stage. However, the claim itself is not clearly legally or factual frivolous, and the court will require the filing of an answer so that the facts known to these officials will be discovered and so that a determination can be made whether the officials had actual knowledge of a substantial risk of serious harm.

**2. Retaliation and Equal Protection**

Plaintiff also repeats the general contention that all of the various unconstitutional acts allegedly committed by all of the Defendants were acts motivated by racism because he is black and in retaliation "for his litigation" and for filing grievances. In the court's prior screening order, the court notified Plaintiff of the fact that his retaliation and equal protection claims were vague and conclusory, and failed to set forth facts beyond mere subjective beliefs. The court provided Plaintiff with the opportunity to cure these deficiencies but the Amended Complaint fails to do so, except as to one new claim discussed below.

ORDER - 4

As the Supreme Court has recently held, a complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief. *See Ashcroft v. Iqbal*, --- U.S. ----, ---- - ----, 129 S.Ct. 1937, 1950-51, 173 L.Ed.2d 868 (2009)("He would need to allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.' "). Discriminary intent implies that the individual acted because of, not merely in spite of, its adverse effects upon an identifiable group. Plaintiff's equal protection allegations are that he is black and that certain prison staff (including one Defendant) "constantly used racial slurs toward Plaintiff." Ct. Rec. 15 at ¶ 39. These allegations are insufficient to state a § 1983 claim.

Plaintiff also premises all his claims in the Amended Complaint with the contention that the named Defendants have repeatedly retaliated against the Plaintiff because of his involvement in litigation and filing of grievances. Both litigation in court and filing inmate grievances are protected activities and it is impermissible for prison officials to retaliate against inmates for engaging in theses activities.

The only cognizable claim for retaliation set forth in the Amended Complaint, is the allegation concerning Officer J. McGuire (who was not listed as a party in either the Complaint or Amended Complaint) claiming that in retaliation for Plaintiff's litigation McGuire "deprived him of his needed legal property and documents for his active court cases" and then "she wantonly destroyed them." *Id.* at ¶ 39.

The remaining allegations are unsupported by sufficient facts. The only fact alleged by Plaintiff to support the remainder of his retaliation claims, is the inadmissible hearsay allegation that another prisoner told Plaintiff that he overheard Defendant Betti and some other person say that they were going to make Plaintiff suffer for filing grievances (¶ 39)**.** Claims for retaliation must both indicate the retaliatory conduct and the underlying act that prompted retaliation. The court understands that Plaintiff *believes* he is being continually

ORDER - 5

retaliated against. But in order to state a sufficient legal claim Plaintiff must be able to clarify the factual nexus so that the claim that the defendant acted unlawfully is not merely possible, but *plausible*. *Iqbal*, 129 S.Ct. at 1949. Plaintiff has failed to set forth adequate allegations regarding the litigation and grievances he believes prompted the conduct, or how the Defendants had knowledge of his litigation and/or grievances. Plaintiff ultimately fails to set forth allegations which could permit the conclusion that his protected activities (filing grievances and lawsuits) were the motivating factor behind the specific alleged retaliatory conduct.

The court will permit the retaliation claim in regards to the destruction of his property specifically alleged against Defendant J. McGuire to proceed. Having already provided the Plaintiff with an opportunity to cure the deficiencies as to the remaining Defendants, the court dismisses the retaliation claims asserted against the other Defendants.

**3.     New Claims**

Plaintiff's Amended Complaint adds additional supervisory claims against new defendants, Defendants Robertson and Thompson. Ct. Rec. 15 at ¶ 66. Plaintiff also alleges that Defendant Robertson, along with Defendants Lipton, David, and Mitchell, wrongfully refused him medical care. *Id*. At ¶¶ 45, 67. Plaintiff states cognizable claims against Defendants Robertson and Thompson.

**III.    Instructions Regarding Service of the Complaint**

As set forth in this and the court's July 13, 2009 screening order, Plaintiff's Amended Complaint states cognizable claims. In order to proceed with service, Plaintiff must prepare and return service documents so that the U.S. Marshals may serve the Complaint on Defendants.

1. Service is appropriate for the following twenty-three (23) Defendants: Betti, Bishop, Chatham, David, the Director of Corrections, Felker, Kimbrell, Lipton, McGuire, Mitchell,

ORDER - 6

Montgomery, Probest, Ringey, Robertson, Swarte, Stailey, Stovall, Thompson, Weston, Whitlow, Williams, Wisely, and Wright.

2. The Clerk of Court shall immediately send Plaintiff a USM-285 form for each Defendant to be served, as well as a summons, instruction sheet, and a copy of the Amended Complaint (Ct. Rec. 15).

3. On or before **APRIL 30, 2010**, Plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the Court:

    a.    The completed Notice of Submission of Documents;

    b.    A completed summons for each Defendant listed in paragraph B.1. above;

    c.    A completed USM-285 form for each Defendant listed in paragraph B.1. above;

    d.    Copies of this order for each Defendant listed in paragraph B.1. above, and

    d.    23 copies of the Complaint (Ct. Rec. 15).

4. Plaintiff need not attempt service on Defendants and need not request waiver of service. After receiving the above-described documents, the court will issue a separate Order requiring the U.S. Marshals to serve each Defendant listed in paragraph 1.

5. The court cautions Plaintiff that failing to submit the above-described documents on or before **APRIL 30, 2010** will be construed as a decision by the Plaintiff to dismiss this lawsuit under Federal Rule of Civil Procedure 41.

**IV. CONCLUSION AND ORDER**

**Accordingly, IT IS HEREBY ORDERED:**

1. Plaintiff's claims of retaliation, except the claim asserted against J. McGuire, and the denial of equal protection are dismissed <u>without</u> leave to amend.

2. The claims in the Amended Complaint are sufficient at least to state cognizable claims against the following twenty-three (23) Defendants: Betti, Bishop, Chatham, David,

the Director of Corrections, Felker, Kimbrell, Lipton, McGuire, Mitchell, Montgomery, Probest, Ringey, Robertson, Swarte, Stailey, Stovall, Thompson, Weston, Whitlow, Williams, Wisely, and Wright. See 28 U.S.C. § 1915A.

3. With this order, the Clerk of the Court shall also provide the Plaintiff with a copy of the Local Rules, a blank summons, a copy of the pleading filed November 6, 2009 (Ct. Rec. 15), twenty-three (23) USM-285 forms, and instructions for service of process (if any).

4. PLAINTIFF IS CAUTIONED THAT THE COURT WILL CONSTRUE A FAILURE TO TIMELY FILE THE SERVICE DOCUMENTS IN ACCORDANCE WITH THE INSTRUCTIONS HEREIN AS CONSENT TO DISMISS THIS LAWSUIT UNDER FEDERAL RULE OF CIVIL PROCEDURE 41.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and the U.S. Marshals Service.

Dated March 16. 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES,<br><br>      Plaintiff,<br><br>v.<br><br>J.L. BISHOP, et al.,<br><br>      Defendants. | NO. CV-09-0150-JLQ<br><br>**NOTICE OF SUBMISSION OF DOCUMENTS** |

     Plaintiff hereby submits the following documents in compliance with the Court's "Order Requiring Plaintiff to Submit Documents for Service.":

     _____ completed summons form;

     _____ completed USM-285 forms;

     _____ copies of the Amended Complaint (Ct. Rec. 15); and

     _____ copies of the Court's "Order Requiring Plaintiff to Submit Documents for Service."

DATED: _____

                                    _____
                                          Plaintiff