1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9   MALIK JONES,

10              Plaintiff,                    NO. CV-09-0150-JLQ

11                                            **ORDER DENYING MOTION TO**
12       v.                                   **ADD CLAIMS**

13

14   J.L. BISHOP, et al.,

15              Defendants.

16        BEFORE THE COURT is Plaintiff's "Motion to Add Claims Inadvertently Left

17   Out of Complaint" (Ct. Rec. 29).  The Motion is **DENIED**.

18        On December 8, 2007, Plaintiff received a Rules Violation Report issued for

19   obstructing a peace officer in a tactical cell extraction and use of force.  Ct. Rec. 32 at 93.

20   Defendant McGuire was assigned as Plaintiff's Investigative Employee, whose duties

21   apparently include fact finding for the hearing officer. *Id*. At 96.  On January 10, 2008, a

22   hearing was held on the charge.  Plaintiff was found guilty by Hearing Officer R.

23   Ingwerson, and assessed 90 days loss of credit and 90 days loss of yard privileges.  Ct.

24   Rec. 32 at 99.  Plaintiff appealed a claim of due process violation associated with the

25   Rules Violation Report, and exhausted that claim to the third level.  Ct. Rec. 32 at 5, Ex.

26   A, ¶ 20.

ORDER - 1

Plaintiff now seeks leave to amend his complaint herein to add claims against Defendant McGuire and Ms. Ingwerson pertaining to his prison disciplinary hearing.  He asserts that Defendant McGuire failed to write an Investigative Employee ("I.E.") Report, then falsely claimed at his hearing that Plaintiff stated "no comment."  Plaintiff also wants to add the assertion that he told hearing officer "R. Ingwerson" but she refused to have the report done in furtherance of a conspiracy to cover up true facts surrounding the December 8, 2007 cell extraction. Plaintiff asserts McGuire and Ingwerson's actions violated his due process rights and denied him equal protection, and resulted in him having been found guilty of a rule violation.  Plaintiff's challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in habeas corpus, not in a Section 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 643-49 (1997) (state prisoner's claim for damages and declaratory relief for Fourteenth Amendment due process violations based on procedures used in disciplinary hearing was not cognizable under § 1983 because allegations of deceit and bias on part of hearing officer would necessarily imply invalidity of punishment).

Accordingly, Plaintiff's Motion to Add Claims (Ct. Rec. 29) is **DENIED**. IT IS SO ORDERED. The Clerk shall enter this Order and furnish copies to the Plaintiff and to defense counsel.

**DATED** this 27th day of August 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2