UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MALIK JONES, | ) | NO.   CV-09-0150-JLQ |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION TO** AMEND; **GRANTING** LIMITED EXTENSION OF TIME FOR DISCOVERY |
| vs. | ) | |
| J.L. BISHOP, et al., | ) | |
| Defendants. | ) | |

BEFORE THE COURT are Plaintiff's Motion for Leave to File Supplemental Complaint to Add Retaliation Claim Against Def. Cate (ECF No. 93) filed December 5, 2011 and Defendants' Motion for 45-Day Extension of Time (ECF No. 92) to respond to Plaintiffs' discovery requests.

**I.   Plaintiff's Motion for Leave to Amend**

Plaintiff has requested leave to file a "supplemental Complaint" in order to add claims arising on June 14, 2011 when he alleges Defendant Cate retaliated against him for bringing the instant case. Plaintiff alleges Cate conspired with others to destroy his durable power of attorney for health care and seized his wheelchair which he used for out of cell movement. Plaintiff asserts he has been prevented from exhausting these claims as his grievances have been screened out or not responded to.

Supplemental pleadings are used to set out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented, but cannot be used to introduce a "'separate, distinct and new cause of action.'" *Planned Parenthood of Southern Ariz. v.*

ORDER - 1

*Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). As Plaintiff seeks to add claims, the court views Plaintiff's motion as requesting leave to *amend* his pleading, not supplement it. Though leave to amend ordinarily should be freely given to pro se litigants, nonetheless, under the circumstances here, the court declines to do so here for several reasons.

This case is already three years old. Plaintiff amended his Complaint once prior to service. Upon service of the Defendants, a Scheduling Order was entered setting June 25, 2011 as the deadline for amending the pleadings and October 1, 2011 as the discovery cutoff. ECF No. 73. Defendants then filed a Motion For Summary Judgment on the surviving claims. Plaintiff has been granted a limited extension of time in order to complete discovery in order to respond to the summary judgment motion. The deadline for amending the pleadings has passed.

Plaintiff's purported retaliation claim which he wishes to add against Cate is unrelated to the other pending claims stemming from incidents in 2007 and 2008. Allowing Plaintiff to amend at this late stage would further delay resolution of this matter, which in view of the age of this case, is not in the interests of justice. Though for these reasons the court denies leave to amend, Plaintiff is free to initiate a new civil action (after exhaustion of his administrative remedies) concerning the allegations against Cate, which are different from those that are already in the process of adjudication in this case.

**II. Defendants' Motion for Extension of Time**

In Defendants' Motion for Extension of Time, Defendants request the court to amend the deadlines imposed in its November 23, 2011 Order on Plaintiff's Motion to Compel. Instead of the expedited schedule established by the court, Defendants specifically request the court to revert to its original deadlines which allowed 45 days to respond to discovery. Defense counsel admits in his declaration that Defendants opted not to respond either to Plaintiff's untimely discovery or Motion to Compel "in reliance on the Court's discovery order," yet they complain that the court's Order had the effect of modifying the discovery scheduling order "without notice to Defendants." In litigation, silence by counsel is treated

ORDER - 2

as non-opposition or acquiescence: it is not an indication or request for maintenance of the status quo. *See L.R.* 78-230(l)("Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."). That Defendants were caught off guard by the court's discretionary modification of the Scheduling Order in response to Plaintiff's Motion asking the court to do so, is not a justification for an extension of time. Defendants' Motion provides no other reason as to why they are unable to expedite their discovery responses to discovery requests they have had since September 27, 2011.

The delay at every stage in this three year old case is troublesome to the court. Nonetheless, discovery must be completed before Plaintiff can respond to the summary judgment motion and for this court to decide whether a trial in this case will be necessary. The court will grant one final limited extension of time as set forth below.

**III.    Order**

**IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Leave to Supplement Complaint (ECF No. 93) is **DENIED**.

2. Defendants' Motion for 45-Day Extension of Time (ECF No. 92) is **GRANTED** in **PART**.

3. The deadlines established in the Court's November 23, 2011 Order are modified as follows:

a. Defendants' responses to <u>all outstanding discovery</u> requests shall be served upon Plaintiff no later than **January 11, 2012.**

b. Plaintiff's response to Defendants' Motion for Summary Judgment shall be filed and served no later than **January 31, 2012**. Any Reply by Defendants shall be filed within seven (7) days after the opposition is served. The court will then take the Motion for Summary Judgment under advisement.

ORDER - 3

1  The District Court Executive is directed to enter this Order and provide a copy to
2  Plaintiff and counsel for the Defendants.
3  Dated December 13, 2011.

s/ Justin L. Quackenbush<br>
JUSTIN L. QUACKENBUSH<br>
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4