UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, <br><br> Plaintiff, <br><br> vs. <br><br> J.L. BISHOP, et al., <br><br> Defendants. | NO.   CV-09-0150-JLQ <br><br> **ORDER CLARIFYING PRIOR ORDERS AND SETTING DEADLINE TO SUPPLEMENT MOTION FOR SUMMARY JUDGMENT RE: CLAIMS AGAINST DEFENDANT WILLIAMS** |

BEFORE THE COURT is Plaintiff's Motion for Clarification (ECF No. 98) which inquires on what basis the claim against Defendant Williams was dismissed, and/or whether Defendant Williams was inadvertently dismissed in error. Upon review of the file, Defendant Williams has not been dismissed, although it appears there was an inadvertent error made by the court.

The court's July 13, 2009 screening order set forth the factual allegations against Defendant Williams which were inadequate to state a claim, including that Defendant Williams had grabbed the Plaintiff's food tray and hand, attempted to cause him to fall out of his wheelchair, and threatened him with pepper spray. ECF No. 10. However, the court found that Plaintiff had stated a cognizable claim against Defendant Williams for bystander liability based upon the allegation that Defendant Williams watched as Defendant Whitlow assaulted Plaintiff on April 27, 2008. ECF No. 10 at 7; ECF No. 18 at 3. The court directed service upon Defendant Williams and Defendant Williams filed his Answer on July 2, 2010. ECF No. 27.

ORDER - 1

1   In an Order dated November 5, 2010, the court denied the Defendants' Motion to Dismiss the claims arising from the incident on April 27, 2008, which included Defendant Williams. ECF No. 62 at 11-14. However, the court then inadvertently left Defendant Williams off the list of remaining Defendants when it stated in the concluding page of the Order: "The claims surviving the Motion to Dismiss are: excessive force against Defendants Mitchell, Ringey, Whitlow and Kimbrell; failure to protect against Defendants Felker and the Director of Corrections; and retaliation against Defendant McGuire." ECF No. 62 at 18. This incomplete list was then reiterated in the court's Scheduling Order. ECF No. 73.

Unfortunately, the error was neither noticed by the court or Defendants. Defendants instead have proceeded as though the claim against Defendant Williams was dismissed, though the court clearly denied their motion to dismiss as to the claim pertaining to Williams. ECF No. 62 at 18.

Due to the error, the court will hold the Defendant's Summary Judgment Motion in abeyance and permit Defendants the opportunity to *supplement* their Motion by no later than **February 14, 2011.** Defendant may file only *supplemental* argument and/or evidence pertaining to the bystander liability claim against Defendant Williams. Should Defendants file supplemental materials pertaining to the claim against Defendant Williams, Plaintiff shall have until **March 1, 2012** to respond to the supplemental materials.

Plaintiff's Motion for Clarification (**ECF No. 98**) is **GRANTED**.

The District Court Executive is directed to enter this Order and provide a copy to Plaintiff and counsel for the Defendants.

Dated this 3rd day of February, 2012.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2