UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, <br><br> Plaintiff, <br><br> vs. <br><br> J.L. BISHOP, et al., <br><br> Defendants. | NO.   CV-09-0150-JLQ <br><br> **ORDER RE: MOTION TO COMPEL** |

BEFORE THE COURT is Plaintiff's Motion For Order Compelling Discovery (ECF No. 101) filed February 6, 2012. The court expedites consideration of this Motion to avoid further delay of this case.

Defendants' Motion for Summary Judgment was timely filed October 31, 2011 after the court's initial discovery deadline had passed. On November 23, 2011 (ECF No. 91) the court entered an Order granting Plaintiff's first Motion to Compel answers to interrogatories, even though that motion was untimely. The court stated that it intended to accord the Plaintiff "*a one-time short extension to complete discovery*" and imposed expedited deadlines for the completion of discovery and a new deadline for response to the Summary Judgment Motion. ECF No. 91. On December 2, 2011, Defendants requested a forty-five day extension of the discovery deadlines. On December 14, 2011 the court held:

> The delay at every stage in this three year old case is troublesome to the court. Nonetheless, discovery must be completed before Plaintiff can respond to the summary

ORDER - 1

judgment motion and for this court to decide whether a trial in this case will be necessary. The court will grant *one final limited extension* of time as set forth below. ECF No. 95. The court then modified the deadlines making Defendants' responses to outstanding discovery due to Plaintiff by January 11, 2012. Plaintiffs' response to the Summary Judgment Motion was due January 31, 2012.

Plaintiff's Motion to Compel presently before the court is signed January 17, 2012, though it was not filed until February 6, 2012. This Motion claims Defendant Cate has refused to produce documents responsive to Plaintiff's Requests for Production mailed on or around November 30, 2011. Plaintiff's discovery request is a form request asking for "any and all documents" concerning Plaintiff, concerning "complaints filed against" the Defendants, and concerning all claims asserted in the Complaint. Though Plaintiff has not filed a copy of Defendant Cate's response(s), however he claims Cate has refused to produce any documents on the basis that 1) the documents requested are available to Plaintiff by making a request for a copy of his central file and medical records; 2) the request does not seek relevant information; and 3) that it is unduly burdensome.

Federal Rule of Civil Procedure 34(a) allows a party to seek production of documents within "the responding party's possession, custody, or control." A defendant is not required to produce all documents that might exist concerning the parties in the case. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," which includes information reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26.

The policy of § 1983 favors liberal discovery. Document discovery is one of the most important parts of all prison litigation. Relevant prison records must be reviewed prior to trial. As in this case, the State Attorney General's office ordinarily must access Department of Corrections records to review the claims and to prepare dispositive motions. Where a

ORDER - 2

1  Defendant has the ability to acquire relevant documents, the production of such documents
2  should be expected and a routine part of prison litigation discovery practice.
3       Notably, on October 31, 2011, Defendants filed and served over 100 pages of
4  attachments, including prison records, in connection with Defendants' Motion for Summary
5  Judgment. Plaintiff's form document request sent just one month later is overbroad and
6  should have been directed to each Defendant, not just Cate. However, a party objecting to
7  a request as overbroad, when a narrower version would not be objectionable, ***should
8  ordinarily produce documents responsive to the narrower version without waiting for a
9  resolution of the dispute over the scope of the request***. A good-faith response to Plaintiff's
10 document request ought to have included all documents relevant to Plaintiff's claims capable
11 of being accessed by Defendants (or their counsel), and not previously produced.
12      Knowing that Plaintiff already possesses numerous documents produced by
13 Defendants, it is not evident from Plaintiff's Motion to Compel what relevant documents
14 Plaintiff believes have not been produced. More importantly, Plaintiff has not identified any
15 outstanding discovery necessary for him to respond to the Motion for Summary Judgment.
16 This suggests to the court that this Motion is an attempt, once again, to delay resolution of
17 the summary judgment motion.
18      Accordingly, **IT IS HEREBY ORDERED**:
19      1. Discovery should be already completed. However, if they haven't already,
20 Defendants shall ***immediately*** furnish all relevant documents, not already produced, that are
21 capable of being accessed by Defendants (or their counsel).
22      2. The court recently Ordered that Plaintiff has until **March 1, 2012** to respond to any
23 supplemental summary judgment argument made by Defendant Williams. ECF No. 100.

ORDER - 3

1 Plaintiff may broaden his response due March 1, 2012 to include any argument countering
2 the Defendants' Motion for Summary Judgment.
3     3.  Upon receipt thereafter of Defendants' Reply brief, the court will take the Motion
4 for Summary Judgment under advisement.
5     4.  Plaintiffs' Motion to Compel (ECF No. 101) is GRANTED IN PART and
6 DENIED IN PART.
7     The District Court Executive is directed to enter this Order and provide a copy to
8 Plaintiff and counsel for the Defendants.
9     Dated this 14th day of February, 2012.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
        SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 4