UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIK JONES, | NO.   CV-09-0150-JLQ |
| Plaintiff, | |
| vs. | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| J.L. BISHOP, et al., | |
| Defendants. | |

**BEFORE THE COURT** is Plaintiffs' Motion for Reconsideration (ECF No. 108) of the court's April 19, 2012 Order Granting in Part and Denying In Part Defendants' Motion for Summary Judgment (ECF No. 106). Defendants did not file a response to the Motion. The court finds that reconsideration of the court's summary judgment decision is not warranted.

**I.    LEGAL STANDARD**

Motions for reconsideration are disfavored. Although Rule 59(e) permits a district court to reconsider and amend a previous order, the Ninth Circuit has called reconsideration an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e)

ORDER - 1

motion may not be used to raise arguments or present evidence for the first time when it could reasonably have been raised earlier in the litigation. *Id*.

## II. DISCUSSION

Plaintiff's Motion requests the court to reconsider each ruling adverse to Plaintiff made in the court's summary judgment decision. First, Plaintiff asks the court to reconsider the dismissal of his excessive force claim against Defendants Mitchell and Rigney. On page four of the court's Order it states, "Nurse Mitchell asked Plaintiff to sign something." Plaintiff's Motion states that it was not in fact Defendant Mitchell who asked Plaintiff to sign the paperwork he was handed, but rather another nurse. This fact was not a material fact, thus the alleged factual error provides no ground to reconsider the court's decision as to the claim against Defendant Mitchell. As to Defendant Rigney, Plaintiff has not raised any new argument. He instead contends he was denied discovery necessary to prove his "version of the incident of April 22, 2008 is true." In granting the Defendant's Motion for Summary Judgment, the facts were construed in the light most favorable to Plaintiff and Plaintiff has not demonstrated that additional discovery would have precluded judgment against him on this claim.

Next, Plaintiff asks the court to clarify its ruling as to Plaintiff's claim against Defendant Williams for excessive force based upon bystander liability for failing to intercede while Defendant Whitlow allegedly repeatedly kicked Plaintiff's ankles and legs causing him to fall out of his wheelchair. Although the court ruled upon the excessive force claim against Defendant Williams, the court's analysis did not go into particulars about bystander liability. The court provides the following additional analysis. Specifically, law enforcement officers are only liable for failure to intercede if they had a "realistic opportunity" to do so. *See Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir.2000). If an officer is not present during a constitutional violation, or the violation happens too quickly, there may be no realistic opportunity to intercede.

ORDER - 2

In screening the Complaint and Amended Complaint, the court liberally construed Plaintiff's allegations against Defendant Williams and construed them as suggesting that Williams was present during Whitlow's alleged assault -- even though the timing of alleged events was not clearly alleged. In Defendant's Motion for Summary Judgment, Defendant Williams' specifically denied observing Defendant Whitlow use force or assault Plaintiff during *Williams'* encounter with Plaintiff to obtain the food tray.  Neither the allegations in Plaintiff's Complaint, nor Plaintiff's Response provide any contradictory contention or counter this evidence.  Even if Plaintiff had intended to specifically contend that Defendant Williams witnessed and was part of the altercation with Defendant Whitlow, not only did the record not support a reliable inference of wantonness (as the court's Order concluded), there was no evidence from which to infer Defendant Williams had a realistic opportunity to intercede.  The Plaintiff's excessive force claim against Defendant Williams was appropriately dismissed by the court.

Plaintiff also asks the court to reconsider the dismissal of Plaintiff's failure to protect claim against Defendants Felker and Cate. Again, Plaintiff claims that with additional time to conduct further discovery he could have develop the record sufficiently to have "proved Plaintiff's version of his facts being true." ECF No. 108 at 2. Plaintiff has not presented any facts which would prompt the court to reconsider the court's ruling and reopen discovery in this three year-old case.

Finally, Plaintiff claims the court ignored or failed to analyze Plaintiff's retaliation claim against Defendant McGuire regarding his missing legal property.  The court fully considered and set forth its analysis of the claim against Defendant McGuire on pages 10-12 of the Order.  The claim failed on multiple grounds.  There is no basis for the court to reconsider the ruling.

ORDER - 3

### III. CONCLUSION

**IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration (**ECF No. 108**) is **DENIED**.  A separate Order setting the trial of the sole remaining claim for excessive force against Defendant Whitlow and regarding settlement proceedings will follow.

The Clerk is hereby directed to enter this Order and furnish copies to Plaintiff and counsel.

DATED this 10th day of July, 2012.

                  s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE