UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

MALIK JONES,

            Plaintiff,

vs.

W. WHITLOW,

            Defendant.

NO. CV-09-0150-JLQ

**ORDER SETTING SETTLEMENT DEADLINES AND CONFERENCE; RE-SETTING TRIAL DATE**

      Plaintiff is a California state prisoner proceeding pro se in a civil rights action under 42 U.S.C. § 1983.  Plaintiff claims that Defendant Corrections Officer W. Whitlow used excessive physical force in violation of his Eighth Amendment rights.

      On April 19, 2012, the court denied Defendant Whitlow's Motion for Summary Judgment on the merits of Plaintiff's claim, as a factual dispute exists as to whether *after Plaintiff's food tray was retrieved,* Defendant Whitlow assaulted Plaintiff by repeatedly kicking his ankles/shins/legs and causing him to fall out of his wheelchair.  Co-Defendant Corrections Officer Williams attested in his summary judgment declaration that he had retrieved the food tray with only "minimal resistence" from Plaintiff, without force, and without Plaintiff falling out of his wheelchair (ECF No. 102).  However, Defendant Whitlow's version differs.  Whitlow claims Plaintiff resisted the effort to obtain the food tray and an "altercation" took place during which Whitlow used force to retrieve the food tray and Plaintiff fell out of his wheelchair. (ECF No. 84, Ex. I).  In the summary judgment

1  proceedings, Defendant Whitlow did not further describe the altercation or the nature of the

2  force he admits he used.  Supreme Court precedent dictated this court's finding that

3  Plaintiff's de minimus physical *injury* did not undermine Plaintiff's Eighth Amendment claim

4  or his ability to seek compensatory, nominal or punitive damages.  (ECF No. 106 at 8).

5      On July 10, 2012, the court set this action for trial commencing October 1, 2012, and

6  asked the parties to submit confidential statements regarding the suitability of this case for

7  settlement proceedings.  (ECF No. 111).    Though the ultimate costs of litigation grossly

8  exceed Plaintiff's potential damages on this single claim, there is no suggestion in the

9  parties' statements that they have attempted any informal settlement negotiation.

10     Accordingly, informal settlement discussion amongst the parties **shall** take place and

11  this case shall be referred to United States Magistrate Judge Edmund F. Brennan to conduct

12  a settlement conference.  A separate order and writ of habeas corpus ad testificandum will

13  issue concurrently with this order.

14     In accordance with the above,  **IT IS HEREBY ORDERED** that:

15     1. Plaintiff **SHALL** immediately submit to Defendant by mail, a written itemization

16  of damages and a meaningful settlement demand which includes a brief explanation of why

17  such a settlement is appropriate.  Within 14 days of receipt of Plaintiff's demand, defense

18  counsel **SHALL** contact Plaintiff either **by telephone or in person**, to discuss settlement and

19  respond to Plaintiff's demand with an acceptance of the offer or with a meaningful

20  counteroffer.  Should the parties settle the matter, defense counsel shall immediately notify

21  chambers of Judge Brennan and Judge Quackenbush by phone.

22     2. This case is set for a settlement conference before Magistrate Judge Edmund F.

23  Brennan on **November 15, 2012**, at **10:00 a.m.** at the U.S. District Court, 501 I Street,

24  Sacramento, California 95814, in Courtroom #24;

25     3. Parties shall appear at the settlement conference with full authority to negotiate and

26  settle the case on any terms;

ORDER  –  2

4.   If settlement is not achieved informally, the parties are directed to submit confidential settlement conference statements to Judge Brennan's chambers seven (7) days prior to the settlement conference.  Such statements are neither to be filed with the clerk nor served on opposing counsel. However, each party shall file a one page document entitled Notice of Submission of Confidential Settlement Conference Statement. The parties may agree, or not, to serve each other with the settlement statements.  Each party is reminded of the requirement that it be represented in person at the settlement conference by a person able to dispose of the case or fully authorized to settle the matter at the settlement conference on any terms.  *See* Local Rule 270.

5. The confidential settlement conference statement shall be no longer than five pages in length, typed or neatly printed, and include the following:

a.     A brief statement of the facts of the case.

b     A brief statement of the claim and defenses, i.e., statutory or other grounds upon which the claim is founded; a forthright evaluation of the parties likelihood of prevailing on the claim and defenses; and a description of the major issues in dispute.

c.     A summary of the proceedings to date.

d.     An estimate of the cost and time to be expended for further pretrial and trial proceedings.

e.     The relief sought.

f.     The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

g.     A brief statement of each party's expectations and goals for the settlement conference.

6. The trial date of October 1, 2012 is STRICKEN and RESET to **February 6, 2013** at **10:00 a.m.**

ORDER  -  3

1        7. The Clerk of the Court is directed to serve a copy of this order on the Litigation

2  Office at Salinas Valley State Prison by fax, (831)-678-5544.

3        **IT IS SO ORDERED**.  The Clerk of the Court shall promptly enter this Order,

4  provide a copy to Magistrate Judge Brennan, and serve a copy on defense counsel, Plaintiff,

5  and the Litigation Office at Salinas Valley State Prison.

6        Dated this 2ndday of August, 2012.

7                       s/ Justin L. Quackenbush
                          JUSTIN L. QUACKENBUSH

8            SENIOR UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17  cc:    ADR Division, Attention: Sujean Park
          US District Court

18       501 I Street, Suite 4-200
          Sacramento, CA 95814

19       Fax: (916) 491-3912
          email: spark@caed.uscourts.gov

20

21

22

23

24

25

26

ORDER - 4