IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MALIK JONES,

     Plaintiff,                            No. 2:09-cv-0150 JLQ

     vs.

W. WHITLOW,

                                       <u>FINDINGS AND RECOMMENDATIONS</u>

     Defendant.

_____/

     Pursuant to the court's order of August 3, 2012, ECF No. 117, a settlement conference was scheduled in this matter before the undersigned for November 15, 2012. Plaintiff's requests to both continue and to not participate in the settlement conference were denied by orders entered by Judge Quackenbush on October 17, 2012 (ECF No. 127) and November 6, 2012 (ECF. No. 130). The latter order expressly admonished both parties that they must comply with the orders of the court and meaningfully participate in a court supervised settlement conference. The order further "cautioned that a failure to comply with Orders of the court, including a failure to attend and participate in good faith at the Settlement Conference, may result in the imposition of sanctions." ECF No. 130, at 2.

     At the November settlement conference, plaintiff was personally present as were counsel for the defendant. Following several joint and in camera sessions with both parties, the court

1

1  determined that the parties were unwilling to settle at that time, but the court urged each to
2  reconsider their positions because of the minor remaining difference that was preventing a
3  settlement.[1]  Subsequently, the undersigned determined that a further telephonic settlement
4  conference was appropriate and that with the good faith participation of both sides a settlement
5  was possible.  Accordingly, by minute order entered on December 10, 2012, the court set a further
6  settlement conference for December 18, 2012, and ordered that "Plaintiff will appear from his
7  present place of incarceration via video conference."  Dckt. No. 133.  Defense counsel has
8  participated in telephonic conferencing and has been willing to discuss further settlement options.
9  Plaintiff has not.  Rather, in spite of the court's earlier orders, plaintiff refused to leave his cell.
10 Instead, plaintiff informed the prison staff that he had safety concerns and that instead of
11 appearing in the video conference he had a letter he wanted faxed to the court.

12       After being informed that plaintiff was refusing to be brought to the video conferencing
13 room, the court instructed the correctional officer to fax plaintiff's letter to the court.  The court
14 received the letter and then placed the remainder of the video conference on the record.

15       The court has carefully considered plaintiff's letter of December 18, 2012, and finds that it
16 fails to articulate any specific facts that justify plaintiff's refusal to comply with the court's
17 orders.  The letter asserts generalized and conclusory allegations of retaliation for participating in
18 this litigation.  His letter suggests that fear of retaliation excused compliance with the order, yet
19 plaintiff does not explain how he intends to try this case without making court appearances.  Nor
20 has he set forth with any specificity facts that support his claim that he would be subjected to
21 reprisal for appearing before the undersigned by video conferencing as ordered.
22 ////
23 ////
24 ////
25
26     [1] That conference lasted 2 hours and 20 minutes.

2

Furthermore, plaintiff has not explained how his alternative of pursuing further settlement negotiations by mail rather than participating in the conference as ordered any less likely to implicate his "fear" of reprisal for pursuing a legal remedy.[2]

Plaintiff has been previously admonished in earlier orders as to the consequences of failing to comply with court orders. Furthermore, he was expressly admonished at the instructions of the undersigned that if he chose not to leave his cell and participate in the video conference his case could be dismissed. Nonetheless, plaintiff continued to refuse any such participation and is in violation of the court's orders.

Rule 41(b) authorizes dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b); *see also* E. D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."). Plaintiff's pro se status does not derogate this authority. *See* E. D. Cal. Local Rule 183 ( "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules. All obligations placed on 'counsel' by these Local Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."). Previous admonitions in earlier orders have not deterred plaintiff's selective compliance with court orders. Furthermore, the express warning that his continued refusal to be brought to the video conference could result in the dismissal of this action was no more effective in gaining plaintiff's compliance. Accordingly, dismissal of this action for failure to comply with court orders is warranted.

////

---

[2] The court ordered video conferencing for the specific purpose of having a meaningful conversation with the plaintiff regarding his settlement position, as plaintiff is well aware from the previous settlement conference that was held with plaintiff's personal persence at the courthouse.

3

1  Finally, the court also notes that plaintiff has not replied to the court's November 22, 2012
2  letter concerning procedural issues as to the trial set for February 6, 2013.  That letter expressly
3  directed "a prompt response" to the issues raised.
4  For the reasons set forth above, the court finds that plaintiff has continued to violate the
5  court's orders and it is hereby recommended that this action be dismissed with prejudice.  Fed. R.
6  Civ. P. 16(f)(C) and 41(b); E. D. Cal. Local Rule 110.
7  These findings and recommendations are submitted to the United States District Judge
8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
9  after being served with these findings and recommendations, any party may file written objections
10  with the court and serve a copy on all parties.  Such a document should be captioned "Objections
11  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
12  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
13  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 18, 2012

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE